■ BOARD OF MANAGERS OF CENTRAL PARK PLACE CONDOMIN-
IUM, Appellant, v HUBERT POTOSCHNIG, Also Known as HUBERT
W. POTOSCHNIG, Respondent, et al., Defendants. [975 NYS2d 665]—

Order, Supreme Court, New York County (Judith J. Gische,
J.), entered September 6, 2012, which, insofar as appealed from,
denied plaintiff's motion for summary judgment on its claim
against defendant Potoschnig for late fees, interest, and at-
torneys' fees, unanimously reversed, on the law, with costs, the
motion granted, and the matter remanded for the appointment
of a referee to compute the amount of unpaid common charges
and assessments, late fees, and interest due to plaintiff from
Potoschnig, and to determine the amount of plaintiff's reason-
able attorneys' fees.

Plaintiff's entitlement to unpaid common charges brings with
it a right to late fees, interest, and attorneys' fees, all of which
are provided for in the condominium bylaws. Defendant has not
raised an inference that the late fees and interest, which, in ac-
cordance with the bylaws, were imposed only upon default, were
usurious (see Miller Planning Corp. v Wells, 253 AD2d 859, 860
[2d Dept 1998]). Defendant's challenges to the amounts due
may be addressed by a referee, pursuant to RPAPL 1321 (see
1855 E. Tremont Corp. v Collado Holdings LLC, 102 AD3d 567
[1st Dept 2013]). The referee should also determine the amount
of plaintiff's reasonable attorneys' fees (see CPLR 4311).

We do not address the applicability of RPAPL 1303 and 1320
since plaintiff is not seeking foreclosure relief by this appeal.
Concur—Friedman, J.P., Renwick, Freedman and Feinman, JJ.
**[Prior Case History: 2012 NY Slip Op 32314(U).]**